[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION
The fifth line of this decision should reflect the fact that the lease beginning May 1, 1995 expired on April 30, 1996.
Alexandra Davis DiPentima, Judge
MEMORANDUM OF DECISION
In this residential summary process action, the plaintiff seeks possession for lapse of time of an oral month to month tenancy. The defendant pled a special defense of retaliatory eviction.
The court finds the following pertinent facts after trial[1]. The parties entered into a written lease that expired by its terms on April 30, 1995. On May 2, 1995 the plaintiff signed and delivered a lease to the defendant for a term beginning May 1, 1995 and expiring April 30, 1995. On May 22, 1995, the defendant tendered a check representing use and occupancy plus a payment on the security deposit (totaling $885) which was refused by the plaintiff. On May 25, 1995, the defendant tendered two checks representing use and occupancy and a payment (totaling $885) on the security deposit that was accepted by the plaintiff. The Notice to Quit in this action was served on the defendant on May 26, 1995 with a quit date of June 5, 1995. On June 6, 1995, the plaintiff telephoned the defendant and asked him when he was going to sign the new lease. The defendant signed the lease on June 6, 1995 and left it in the plaintiff's mailbox. The plaintiff never took it out of the mailbox. The defendant ultimately retrieved it from the mailbox.
While the court finds that the notice to quit was properly served to terminate the month to month tenancy for May, it is CT Page 9864 concerned that the defendant received ambiguous messages from the